UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN JOHNSON,

      Plaintiff,

VS.                                                                                   Case No.:

SECURITAS SECURITY SERVICES USA, INC.,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Carolyn Johnson, hereinafter referred to as ("Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, Securitas Security Services USA, Inc., hereinafter referred to as ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

This is an action for employment discrimination, sexual harassment, retaliation, and unlawful failure to promote brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* Plaintiff Carolyn Johnson seeks compensatory damages, punitive damages, back pay, front pay, and other equitable and legal relief for Defendant's unlawful conduct, including subjecting her to a sexually hostile work environment on multiple occasions, retaliating against her for engaging in protected activity, and denying her a promotion based on her sex and her prior protected complaints.

## PARTIES

1.      Plaintiff Carolyn Johnson is an individual residing at 10056 Corso Milano Drive, Tampa, Florida 33625. At all times relevant to this action, Plaintiff was employed by Defendant as a Security Officer.

2.      Defendant Securitas Security Services USA, Inc. is a corporation doing business in the State of Florida, with a local office located at 3450 Buschwood Park Drive, Tampa, Florida 33618.

3.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under Title VII of the Civil Rights Act of 1964.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), as the unlawful employment practices alleged herein occurred within this District.

## ADMINISTRATIVE PREREQUISITES

7.      All conditions precedent to bringing this action have occurred.

8.      Plaintiff timely filed a Charge of Discrimination with the U.S. Equal

Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), assigned Charge Number 511-2026-02506, alleging sexual harassment, retaliation, and gender discrimination.

9.     On April 17, 2026, the EEOC issued a Determination and Notice of Rights (Notice of Right to Sue) to Plaintiff. This Complaint is filed within ninety (90) days of Plaintiff's receipt of that Notice.

10.     More than 180 days have passed since the filing of the Charge of Discrimination.

## GENERAL ALLEGATIONS

11.     Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

12.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

13.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

14.     Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

**A. Background**

15.     Plaintiff Carolyn Johnson began her employment with Defendant in 2024 and transferred to Defendant's Tampa, Florida operations on June 5, 2025, where she was assigned to work as a Security Officer under the supervision of District Manager Garrett Thomas. Defendant employs more than fifteen (15) employees at all relevant times.

**B. First Incident of Sexual Harassment: June 2025**

16.     On June 12, 2025, shortly after arriving at her assigned post, Plaintiff was subjected to severe and persistent sexual harassment by a male armed security officer. Although this individual was assigned to an exterior post and Plaintiff was stationed inside the building, he repeatedly entered Plaintiff's work area and remained with her for the duration of entire shifts without any legitimate work-related purpose.

17.     During these interactions, the harassing employee made numerous explicit and unwelcome sexual comments, including graphic statements about his personal sex life, his purported high sex drive, and his desire to engage in sexual activity with Plaintiff. These comments were not isolated; they were persistent and created a hostile and threatening work environment that interfered with Plaintiff's ability to perform her job.

18.     The harassment escalated beyond verbal conduct. At the end of one of Plaintiff's shifts, the harassing employee followed her to her vehicle without

4

invitation and continued engaging her for approximately 30 minutes, causing Plaintiff to feel intimidated and physically unsafe.

19.    Plaintiff promptly reported this misconduct to District Manager Garrett Thomas on June 12, 2025.

**C. Retaliation Following First Complaint**

20.    Rather than taking corrective action, Defendant, through Garrett Thomas, retaliated against Plaintiff. On June 13, 2025, the day after her complaint, Thomas transferred Plaintiff to a new site and reassigned her from a day shift to an overnight shift, resulting in reduced pay.

21.    On June 19, 2025, Thomas removed Plaintiff from that site entirely under the stated justification that she lacked a Florida Class D security license, a requirement that had never been communicated to Plaintiff prior to her transfer and had not previously been enforced against her.

22.    No disciplinary action was taken against the employee Plaintiff accused of harassment. No formal investigation was initiated by Human Resources, and no HR representative ever contacted Plaintiff regarding her complaint.

23.    In good faith, Plaintiff obtained her Florida Class D security license at her own expense, losing a week of pay in the process, and was never reimbursed. When Plaintiff contacted Thomas to request reinstatement, Thomas informed her

5

that her position had been given to someone else and that there were no available sites, offering only an on-call designation that effectively denied her stable employment and income.

24.    On July 14, 2025, Plaintiff interviewed for a Field Supervisor position with Defendant for which she was fully qualified. The interview panel included District Managers Cody Howard and James Davis, as well as HR representative Vanessa Cano and Garrett Thomas.

25.    During and after the interview process, District Manager James Davis explicitly stated that Plaintiff should not be selected because she was a 21-year-old female. Davis also referenced Plaintiff's prior sexual harassment complaint as a basis for disqualifying her. Garrett Thomas similarly referenced Plaintiff's age and prior complaint as concerns. The panel ultimately did not select Plaintiff for the position.

26.    Former District Manager Cody Howard, who was present during the selection process, witnessed Davis's discriminatory and retaliatory statements and has confirmed under penalty of perjury that the hiring decision was unlawfully influenced by Plaintiff's sex and her prior protected activity.

27.    Davis's preferred candidate, a personal friend, had performed poorly during the interview, and Davis had openly coached this candidate during the interview panel in violation of fair hiring practices.

6

**D. Second Incident of Sexual Harassment: September 2025**

28.    Plaintiff was subsequently assigned to the Amgen site under District Manager Cody Howard. On September 26, 2025, Plaintiff was subjected to a second episode of sexual harassment when a coworker named Sage Arbiter showed her explicit nude photographs and made inappropriate sexual remarks, creating another hostile work environment.

29.    Plaintiff reported this conduct to Cody Howard on September 26, 2025. Howard removed the harassing employee from the site and submitted a detailed incident report to HR representative Vanessa Cano, attaching statements from Plaintiff, Shift Supervisor Jayden Sharp, and the harassing employee.

30.    Despite the seriousness of these allegations and Defendant's representations that HR would follow up, Vanessa Cano never contacted Plaintiff, Howard, or any other party involved in the complaint. No investigation was conducted. The harassing employee remained employed without formal discipline, and he later admitted to Howard that no one from HR had ever contacted him.

**E. Constructive Discharge / Effective Termination**

31.    Following these events, Defendant ceased scheduling Plaintiff for shifts and provided no communication regarding new assignments, effectively

severing her employment without formal notice. The last shift Plaintiff was assigned was on or about December 25, 2025.

32.     On March 7, 2026, HR representative Vanessa Cano contacted Plaintiff via email. Plaintiff responded the same day confirming her full-time availability and willingness to return to work immediately. Despite this response, Defendant has not scheduled Plaintiff for any shifts or otherwise provided her any employment opportunities.

33.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment opportunities, emotional distress, and other compensatory damages.

34.     Defendant's conduct was willful, reckless, and in callous disregard of Plaintiff's rights under federal and state law.

## COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT

35.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

36.     Defendant, through its agents and employees, subjected Plaintiff to severe and pervasive sexual harassment that materially altered the terms and conditions of her employment and created a hostile work environment based on her sex, in violation of Title VII of the Civil Rights Act of 1964.

37.    Defendant had actual or constructive knowledge of the harassment and failed to take prompt and adequate remedial action, enabling the conduct to persist.

38.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    All such other relief/damages to which Plaintiff is entitled.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**RETALIATION**

39.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

40.    Plaintiff engaged in protected activity by reporting sexual harassment

on June 12, 2025, and September 26, 2025.

41.    Defendant, through its agents, took adverse employment actions against Plaintiff, including shift and site reassignments resulting in reduced pay, removal from positions, denial of reinstatement, failure to promote, and effective termination from employment, in retaliation for Plaintiff's protected complaints, in violation of Title VII.

42.    A causal connection exists between Plaintiff's protected activity and each adverse employment action, evidenced by, among other things, the close temporal proximity between her complaints and the adverse actions taken, and the express statements of District Manager James Davis referencing Plaintiff's prior complaints as a reason not to promote her.

43.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## SEX/GENDER DISCRIMINATION — FAILURE TO PROMOTE

44.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

45.    Plaintiff applied for and was qualified for the Field Supervisor position. Defendant denied Plaintiff the promotion because of her sex. District Manager James Davis explicitly stated that Plaintiff should not be selected because she is female.

46.    Similarly situated male candidates were treated more favorably in the selection process.

47.    Defendant's failure to promote Plaintiff on the basis of her sex constitutes unlawful gender discrimination in violation of Title VII.

48.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

11

d.     Interest on front pay and benefits;

e.     Compensatory damages, including those for emotional pain and suffering;

f.     Punitive damages;

g.     Injunctive relief;

h.     Attorney's fees and costs; and

i.     All such other relief/damages to which Plaintiff is entitled.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA")
## HOSTILE WORK ENVIRONMENT, RETALIATION, AND SEX DISCRIMINATION

49.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

50.     Plaintiff suffered adverse employment actions and was subjected to a hostile work environment for opposing employment practices made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760, *et seq., Florida Statutes*, and was discriminated against on the basis of her sex.

51.     The above-described acts of sexual harassment, retaliation, and sex discrimination constitute violations of the FCRA, Chapter 760, *et seq., Florida Statutes*, for which Defendant is liable.

52.     As a result of Defendant's violations of the Florida Civil Rights Act, Plaintiff has suffered and will continue to suffer damages, including, but not

limited to, the following:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Interest on front pay and benefits;

      e.     Compensatory damages, including those for emotional pain and suffering;

      f.     Punitive damages;

      g.     Injunctive relief;

      h.     Attorney's fees and costs; and

      i.     All such other relief/damages to which Plaintiff is entitled.

**DATED this 7th day of July, 2026.**

**FLORIN|GRAY**

/s/*Troy E. Longman II*
**Troy E. Longman II, Esq**
Florida Bar No.: 1031921
tlongman@floringray.com
**Wolfgang Florin, Esq**
Florida Bar No.: 907804
Primary: wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*